IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE ENRIQUE RESENDIZ, G05736, )
                      )
          Petitioner,      )     No. C 11-5218 CRB (PR)
                      )
  vs.                )     ORDER TO SHOW CAUSE
                      )
GREG LEWIS, Warden,      )
                      )
          Respondent.    )
_____ )

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Cruz County Superior Court.

## BACKGROUND

Petitioner was convicted by a jury of first degree murder with the special circumstance that the murder was committed while petitioner was an active participant in a criminal street gang and that the murder was carried out to further the gang's activities.  The jury also found true the enhancement allegations that petitioner committed the murder for the benefit of a criminal street gang; and that petitioner personally used a firearm, intentionally discharged a firearm and intentionally discharged a firearm causing death.

1    On January 25, 2008, petitioner was sentenced to life imprisonment

2    without the possibility of parole consecutive to a term of 25 years to life.

3    On March 30, 2010, the California Court of Appeal affirmed the

4    conviction for first degree murder, but reversed the special circumstance and the

5    gang enhancement.

6    On July 14, 2010, the Supreme Court of California denied review.

7    On November 29, 2010, the Supreme Court of the United States denied

8    certiorari review.

9    On October 25, 2011, petitioner filed the instant federal petition.

## DISCUSSION

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.     Claims

Petitioner seeks federal habeas corpus relief on the ground that he was improperly denied the right to cross-examine Juan Pablo Hernandez in an effort to show that the police officers' threats and coercion caused him to change his story, and to tell a false story prior to trail, and to continue to tell a false story at trail.  Liberally construed, the claim appears cognizable under § 2254 and merits an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se habeas petitions liberally).

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.     Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any

change of address.

SO ORDERED.

DATED:   Feb. 7, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Resendiz, J.11-5218.osc.wpd

4